## SANDERFUR v. GANTER.

Court of Appeals of Kentucky.

June 19, 1953.

Terry L. Hatchett, Glasgow, for appellant.

Brents Dickinson, Glasgow, for appellee.

CULLEN, Commissioner.

This is an appeal by Dr. B. D. Sanderfur from a judgment which held that Dr. Fred Ganter is entitled to the exclusive possession of certain office space in a building in Glasgow, and which mandatorily enjoined Dr. Sanderfur to surrender possession of the offices to Dr. Ganter. ·

Prior to 1947, Dr. George Ganter had practiced optometry in offices in the Mitchell-Terry Building, in Glasgow, for a period of 25 years. In 1947, his son Fred received a license to practice optometry, and entered his father's office as an associate. In October 1947 the owners of the building executed a ten-year lease on the office space to Dr. George Ganter and Dr. Fred Ganter, with the provision that the offices could be used by either or both of the lessees during the lease period.

Dr. Fred Ganter remained in the offices until January 1951, when he was called into military service. In February 1951 Dr. George Ganter entered into a partnership agreement with the appellant, Dr. B. D. Sanderfur, and the latter entered into the offices as a partner. The partnership agreement was for a period of five years, with provisions for extension from year to year. The agreement provided that upon the death or retirement of Dr. George

Ganter, his son Fred should have the option to be substituted as partner, and if Fred did not exercise the option the partnership agreement should continue in force for a period of 42 months, during which period a share of the proceeds of the office was to be paid to Dr. George Ganter or his estate.

Dr. Fred Ganter was released from military service in July 1952, and he returned to Glasgow, but he did not seek to re-enter his father's offices. Instead, he opened an office in another building in Glasgow, and a branch office in Tompkinsville.

In January 1953 Dr. George Ganter died. Shortly thereafter Dr. Fred Ganter procured from his mother, who was executrix and sole beneficiary under his father's will, an assignment of all rights she might have in the lease. Thereupon he demanded possession of the offices from Dr. Sanderfur, and upon the demand being refused he instituted the present suit.

The only basis upon which Dr. Sanderfur claims to be entitled to occupy the offices is that the lease (or at least Dr. George Ganter's interest in the lease) was a partnership asset. The trial court found that it was not, so our concern is with the correctness of that finding.

There was no specific mention in the partnership agreement of the offices in the Mitchell-Terry Building, nor was any reference made to the lease covering those offices. The agreement stated merely that the parties had formed an association as partners "in an office for the practice of optometry." It was provided in the agreement that all "equipment" in the office at the beginning of the partnership was the property of Dr. George Ganter, but that after two years Dr. Sanderfur should have the option to purchase a one-half interest in the equipment. However, it appears that this option was never exercised, and there is nothing in any event to indicate that the parties intended the lease to be classified as "equipment."

■■ The question of whether property which was owned by a partner prior to the formation of the partnership has been con-

tributed by him to the firm so as to become partnership property, is a question of the intention of the parties, and the mere fact that the property is used in the firm business will not of itself show that it is firm property. 68 C.J.S., Partnership, § 70(a) (1), p. 502; 40 Am.Jur., Partnership, sec. 105, p. 201. As concerns real estate owned by a partner, it has been held that there is a presumption against its inclusion in the partnership, and in order that it be treated as belonging to the partnership the intention must be clearly manifested. 40 Am. Jur., Partnership, sec. 97, p. 197. While a lease is technically not real estate, we think that the reasons behind the rule with respect to real estate may be equally as applicable to a lease.

We find nothing in the partnership agreement here, or in the conduct of the parties, to show that the lease was intended to be contributed by Dr. George Ganter to the partnership as an asset. The agreement shows clearly that Dr. Ganter was not contributing his equipment, and there is no reason to conclude that he intended to contribute or donate the lease, which, as evidenced by this lawsuit, was a valuable item of property.

■■ It is our opinion that the trial court correctly found that the lease was not a partnership asset, and therefore Dr. Sanderfur has no basis for his claim of right to occupy the office.

Dr. Sanderfur makes some contention that Dr. Fred Ganter has not established his right to occupy the offices, and he cannot prevail merely on the weakness of his adversary's title, but only on the strength of his own title. This argument is based on the theory that Dr. Fred Ganter abandoned his interest in the lease by not asserting his right to occupy the offices after returning from military service. Even if we should accept this theory, the fact would still remain that Dr. Fred Ganter has acquired his father's interest in the lease through the assignment from his mother, and is entitled to occupy the offices under that assignment.

The judgment is affirmed.